# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALFREDO VEGA,

        Petitioner,

    v.                            Case No. 24-CV-87

CHRISTOPHER STEVENS,

        Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Alfredo Vega, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. The court previously denied his motion for leave to use his release account to pay the filing fee. He has now moved to proceed without prepayment of the filing fee. (ECF No. 5.) Based on the financial information presented, Vega lacks the resources to pay the filing fee and therefore his motion is **granted**.

The court must now review his petition to determine whether it is sufficient to proceed. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an

answer, motion, or other response within a fixed time, or to take other action the judge may order.

Vega states that he seeks to pursue a petition under *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). As Vega correctly notes (ECF No. 1 at 3), a *Knight* petition is a petition for a writ of habeas corpus that must be filed in the court of appeals. Thus, Vega filed the present petition with the Court of Appeals for the Seventh Circuit, which transferred it to this court. Federal court, however, is not the proper forum for a *Knight* petition. Rather, a *Knight* petition must be filed in the Wisconsin Court of Appeals. *Knight*, 168 Wis. 2d at 520, 484 N.W.2d at 544. Therefore, the court will recommend that Vega's petition be dismissed so that he may pursue his *Knight* petition in the Wisconsin Court of Appeals.

Insofar as Vega's petition may be construed as a petition under 28 U.S.C. § 2254, the court must likewise recommend that it be dismissed. A federal court may consider the claims of a person incarcerated pursuant to a judgment of a state court only after that person has exhausted his remedies in state court. 28 U.S.C. § 2254(b)(1). By virtue of the fact that he seeks relief under *Knight*, Vega has not yet exhausted his state court remedies.

There are also significant questions as to the timeliness of his petition. Ordinarily, a federal habeas petition must be filed within one year of the petitioner's conviction becoming final. *See* 28 U.S.C. 2244(d). Vega was convicted in 1994, and the court of appeals affirmed his conviction in 1996. (ECF No. 1 at 3.) Nothing appears to

have happened for roughly 20 years until Vega filed a motion for post-conviction relief. That gap may well render his petition untimely. But the court need not consider the issue further because it is otherwise clear that Vega is not entitled to relief in this court. In fact, he appears to have never intended to have filed a petition for a writ of habeas corpus under § 2254. It was merely because he mistakenly filed his *Knight* petition in the federal court of appeals rather than the Wisconsin Court of Appeals that this matter came before this court and was construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

IT IS THEREFORE ORDERED that Vega's motion for leave to proceed without prepayment of the filing fee (ECF No. 5) is **granted**.

IT IS FURTHER RECOMMENDED that Vega's petition and this action be **dismissed**.

IT IS FURTHER ORDERED that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 12th day of February, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge