UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFREDO VEGA,

                Petitioner,

v.                                                   Case No. 24-cv-0087-bhl

CHRISTOPHER STEVENS, Warden,

                Respondent.

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

On January 22, 2024, Petitioner Alfredo Vega, a state prisoner currently incarcerated at Green Bay Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Vega initially sought to use his release funds to pay the $5.00 filing fee. (ECF No. 2.) On February 1, 2024, Magistrate Judge William E. Duffin, to whom the case was then assigned, denied Vega's request and ordered him to either pay the $5.00 filing fee or seek leave under 28 U.S.C. § 1915 to proceed without prepayment of the filing fee. (ECF No. 4.) Vega chose the latter route and moved to proceed without prepayment of the fling fee. (ECF No. 5.) Based on the financial information presented, Judge Duffin found that Vega lacked the resources to pay the filing fee and granted his motion. (ECF No. 8 at 1, 3.) Judge Duffin then screened Vega's petition and issued a Report and Recommendation concluding that the petition should be dismissed. (*Id.* at 3.) The case was then reassigned to a district judge to act on the magistrate judge's recommendation. Vega then filed a "motion for reconsideration," (ECF No. 9), which the Court will treat as objections to Judge Duffin's Report and Recommendation.

    Rule 4 of the Rules Governing § 2254 Cases provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During the initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court may consider whether the petition is timely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006). ("[W]e hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

In his Report, Judge Duffin analyzed the procedural history of Vega's state court proceedings and his request for federal habeas relief. Judge Duffin noted that Vega's petition suggests he is seeking relief under a Wisconsin state law procedure, a "*Knight* petition," based on *State v. Knight*, 484 N.W.2d 540 (Wis. 1992). Vega's petition for writ of habeas corpus states "Defendant now files this habeas corpus and *State v. Knight* petition, requesting to have defendant's appeal rights restored to defendant." (ECF No. 8 at 2 citing ECF No. 1 at 3.) Judge Duffin noted that Vega originally filed the present petition with the Court of Appeals for the Seventh Circuit, which transferred it to this Court. (*Id.*) The magistrate judge then concluded that federal court is not the proper forum for a *Knight* petition and that Wisconsin law requires that a *Knight* petition be filed in the Wisconsin Court of Appeals. (*Id.* citing *Knight*, 484 N.W.2d at 544.)

The magistrate judge further explained that a federal court may consider the claims of a person incarcerated pursuant to a judgment of a state court only after that person has exhausted his remedies in state court. (*Id.* citing 28 U.S.C. § 2254(b)(1).) Based on the record, Judge Duffin noted there are significant questions as to the timeliness of Vega's petition. He was convicted in 1994, and the court of appeals affirmed his conviction in 1996. (*Id.* citing ECF No. 1 at 3.) A person who wants to challenge a state conviction by filing a federal habeas petition generally must file his petition within one year from the date when the conviction became final by direct review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d). The magistrate judge decided not to consider the timeliness issue because Vega "mistakenly filed his *Knight* petition in the federal court of appeals rather than the Wisconsin Court of Appeals." (ECF No. 8 at 3.) The magistrate judge therefore recommended that Vega's petition be dismissed so that he may pursue his *Knight* petition in the Wisconsin Court of Appeals. (*Id.*)

On February 22, 2024, Vega filed a request for reconsideration, which the Court will construe as an objection to the magistrate judge's Order. (ECF No. 9.) Vega objects that the magistrate judge misconstrued Vega's petition as a *Knight* petition as Vega's present petition is

not a *Knight* petition but a petition for writ of habeas corpus under 28 U.S.C. § 2254. (*Id.* at 3.) Vega maintains that he filed a *Knight* petition with the Wisconsin Court of Appeals and enclosed a copy of the court of appeals' decision in appeal number 2022AP513-W, dated December 30, 2022, denying his petition for writ of habeas corpus pursuant to *State v. Knight*. (ECF No. 9-2 at 1–8.) On June 22, 2023, the Wisconsin Supreme Court denied his request for review. (ECF No. 9-2 at 9); *see also* Milwaukee County Case Number 1993CF934212 *State of Wisconsin v. Alfredo Vega*, Wis. Cir. Ct. Access for Milwaukee Cnty., https://wcca.wicourts.gov/caseDetail.html?caseNo=1993CF934212&countyNo=40&mode=details (last visited March 5, 2024).

While Vega may have properly exhausted the state procedures available to redress his claims in a *Knight* petition, it appears that Vega has another appeal pending: *State of Wisconsin v. Alfredo Vega*, Appeal Number 2023AP000788-CR. According to the docket, a decision and order was issued on January 11, 2024, and the appeal is awaiting assignment. *See* Milwaukee County Case Number 1993CF934212 *State of Wisconsin v. Alfredo Vega*. A district court cannot address the merits of a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). Having reviewed the record, the Court agrees with Judge Duffin that Vega's claims are unexhausted as it appears another appeal is pending in the Wisconsin state courts. Therefore, the Court will adopt the Report and Recommendation and dismiss the petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's request for reconsideration, (ECF No. 9), construed as objections to the magistrate judge's Order, (ECF No. 8), is **granted**.

**IT IS FURTHER ORDERED** that the magistrate judge's order, (ECF No. 8), recommending that the petition for writ of habeas corpus be dismissed is **ADOPTED AS MODIFIED**, and pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 5, 2024.

                                                  s/ *Brett H. Ludwig*
                                                  BRETT H. LUDWIG
                                                  United States District Judge